**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3233
_____

UNITED STATES OF AMERICA,

v.

SEZAYIR BULAMAN,
                                          Appellant
_____

On Appeal from United States District Court
for the District of New Jersey
(D. C. Criminal No. 1-12-CR-00794-001)
District Judge:  Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 12, 2018
_____

Before: McKEE, VANAKSIE, and RESTREPO, *Circuit Judges*

(Opinion filed:  December 26, 2018)

_____

OPINION[1]
_____

---

[1] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Sezayir Bulaman appeals his conviction after pleading guilty to possessing five or more kilograms of cocaine in violation of provisions of 21 U.S.C. § 841 and related offenses. He argues that his conviction was obtained in violation of his Sixth Amendment right to a Speedy Trial as incorporated in the Speedy Trial Act and that the District Court erred in denying the motion *in limine* that he filed in an attempt to prevent a confidential informant from translating audio recordings that the Government sought to admit into evidence at trial. He also claims that the court erred in accepting the Government's position that he should only receive a one-point reduction in his offense level under U.S.S.G. § 3E1.1(b) because he waited until the eve of trial to enter his plea. For the reasons that follow, we will affirm.

Bulaman correctly notes that his plea agreement did not contain an explicit waiver of appellate rights. However, he incorrectly concludes that the arguments which he now attempts to raise therefore survived his guilty plea. Even absent an express waiver of appellate rights, it is a "general rule that a guilty plea, intelligently and voluntarily made, bars the later assertion of constitutional challenges to the pretrial proceedings."[2] One exception to that general principle, which does not apply here and which Bulaman does not attempt to claim, is that a plea does not waive jurisdictional defects. Bulaman cites *Class v. United States*,[3] to argue that constitutional defects (such as the one he relies on)

---

[2] *Lefkowitz v. Newsom*, 420 U.S. 283, 288 (1975).
[3] 138 S. Ct. 798 (2018).

are not extinguished by a guilty plea unless the plea agreement explicitly provides for such a waiver.

In his Reply Brief, Bulaman relies upon *Class* to argue that that his constitutional challenge survives his guilty plea. However, there, the Supreme Court merely held that a guilty plea does not bar a subsequent challenge to the constitutionality of the statute a defendant was convicted of violating. The Court explained: "[t]he question is whether a guilty plea by itself bars a federal criminal defendant from challenging the constitutionality of the statute of conviction on direct appeal. We hold it does not."[4] In reaching that conclusion, the Court explained that it had held for over 150 years that a guilty plea waives almost all objections to a prosecution that could otherwise have been raised on direct appeal but that "if the facts alleged and admitted do not constitute a crime, . . . the defendant is entitled to be discharged."[5] That does not help Bulaman here. The conduct he admitted to during the course of his guilty plea colloquy clearly established the crime to which he pleaded guilty. Accordingly, he has waived the evidentiary and Speedy Trial Act claims he now attempts to raise.

Nevertheless, even though Bulaman's alleged claims of error did not survive his plea, we note that the Government's brief contains a chart which dutifully cites to the record and shows why many of the delays on the timeline of Bulaman's Speedy Trial Act claim are excluded from counting against the Government under the Speedy Trial Act.[6]

---

[4] *Id*. at 803.
[5] *Id.* (internal quotation marks omitted).
[6] *See* Appellee Br. at 9–11.

Bulaman's challenge to the one-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b) based on the timing of his plea is properly before us. However, it is meritless. The District Court quite properly considered that he had vigorously contested the prosecution for a year and a half before entering his guilty plea on the eve of trial. The delay resulted in the Government having to prepare for trial on two different occasions before the matter was ultimately scheduled for a change of plea.

Accordingly, we will affirm the District Court's judgment of sentence.